M. AZHAR ASADI, ESQ. (SBN 257004)
THE LAW OFFICES OF M. AZHAR ASADI
9777 Wilshire Boulevard Suite 700
Beverly Hills, CA 90212
Phone: 310-777-6500
Fax: 310-777-6900

Attorney for Plaintiffs,

BIJAN RAPHAEL AND TIKVA NEMANI et. al

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BIJAN RAPHAEL AND TIKVA NEMANI<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA , N.A.,<br>., a corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR :**<br>*1- NEGLIGENCE*<br><br>*2-DEFAMATION*<br><br>*3-MISREPRESENTATION*<br><br>*4-BREACH OF CONTRACT*<br><br>*5-FAIR CREDIT REPORTING ACT*<br>*15 U.S.C. 1681*<br><br>*6-FRAUD*<br><br>*7-DECEPTIVE TRADE PRACTICES*<br>*TRIAL BY JURY*<br><br>HON.<br><br>Complaint Filed:<br>Dept.:<br>Trial Date: |

## INTRODUCTION

1

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

In or about Feb 27 , 2007 , plaintiffs applied for and received a Home Equity Line of Credit from Defendant, Bank of America NA.

Plaintiffs were paying their monthly payments till 2010 when they attempted to rescind the loan by a TILA notice .

In 2011 te parties entered into a settlement agreement to pay approximately $35,000.00 as full payment of the remaining balance on a monthly basis of $120.00 a month .

On or about May 17,2013 Bijan Raphael and Tikva Nemani entered into a final written agreement to settle the entire balance left in one payment of **$19,458.00** .The Home Equity line of credit on their house originally set for $242,282.00 ,and was **rescinded** by a TILA Notice of Rescission in April 2010 for **$19,458.00** . As a part of the final written agreement ,Bank of America signed and notarized the agreement in June 2013. The agreement expressly states that after receiving the **$19,458.00** Bank Of America will **report** the account 68249019324899 **to credit reporting agencies** ,as **paid or settled**.

Defendant took the money and never fulfilled its promise as mentioned above and reported the entire balance of $250,000.00 as charged off.

## ORIGINAL COMPLAINT AND
## REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, come Bijan Raphael and Tikva Nemani , major domiciliaries of Los Angeles California , who respectfully pray for Judgment against defendant, BANK OF AMERICA CORPORATION F/K/A BANK OF AMERICA , , N.A., as follows:

Complaint for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

1.  Made defendant herein is BANK OF AMERICA  CORPORATION F/K/A BANK OF AMERICA , , N.A. "BANK OF AMERICA " , believed to be a domestic corporation authorized to do and doing business in the State of California , who will be served accordingly.

### *JURISDICTION OF THE COURT*

2.  This Honorable Court has jurisdiction over this matter based upon 28 U.S.C. 1331, in that this dispute involves predominant issues of federal law.  Defendant is liable unto Plaintiffs pursuant to the provisions of the Fair Credit Billing Act, 15 U.S.C. 1666, *et. seq.*, as well as other applicable federal and state laws.  Further, plaintiffs are diverse in citizenship from defendant as the agent of Defendant were located in state of Georgia and the amount in controversy in this cause  exceeds $75,000.00, as required by 28 U.S.C. 1332.  Defendant is also liable to Plaintiffs pursuant to the laws of the States of California and possibly other states, including Louisiana, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367.

3.   Plaintiffs hereby request a trial by jury.  U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

### *REQUEST FOR STATUTORY, EXEMPLARY AND PUNITIVE DAMAGES*

4.  Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, statutory, punitive and exemplary damages may be awarded against Defendant under the Fair Credit Billing Act, as to statutory damages, and state laws of California, as to punitive or exemplary damages.

3

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

## *REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES*

5.  Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages, the costs of litigation as well as reasonable attorney fees incurred by Plaintiffs may be awarded under the provisions of the Fair Credit Billing Act.

## *GENERAL ALLEGATIONS COMPLAINT*

### *July, 2007*

6.  In or about July, 2007 , plaintiffs applied for and received  loan and financing through defendant, Bank of America  for a line of credit secured by  their principle place of residence  located in the city of Beverly Hills ,California .

    Plaintiffs made the appropriate payments      of approximately 500.00 a month ,when due .Upon finding of TILA violation the  loan was subsequently rescinded by a TILA violation notice on or about February 2010.

7.  The plaintiffs' Home line of Credit financing was taken out through Bank Of America , a banking entity which has now been acquired by Bank of America NA , the defendant.

### *February 2010*

8.  Notice of Violation of TILA was served upon Bank Of America .Bank Of America has 21 days to cancel the security of the line of credit ,it did not .By operation of law the line of credit became unsecured .

4

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

*2010 -2011*

9. On or about August 16, 2010 , Bank Of America  accessed plaintiffs' consumer credit report from CSC/Equifax.

       In 2011 Bank of America proposed and Plaintiffs agreed to settle the balance of the line of credit for $35000.00  to be paid in 120 payments .See the Agreement attached: Exhibit "**A**".

*2013*

10. On or about November 9, 2013 , after making many payments Plaintiffs offered and Bank Of America accepted a lump sum payment of **$ 19458.00** to be paid instead of remaining monthly installments ,  See the 2013 June Agreement as attached as Exhibit "**B**".

11. On or about November 19, 2013 , Bank Of America  wrote plaintiffs regarding the subject contested account.

12. The agreement had an express language that indicated that plaintiffs' loan was going to be reported as paid off to the credit reporting agencies.

13. The letter specifically states that the agreement is binding on the parties.

14. 15.On or about June 3th , 2013, Bank Of America  a accepted payment in full for **$ 19458.00**   to retire the subject  loan ("subject loan") .Defendant failed to report the account as settled and paid but reported as "charged off" devastating the Plaintiffs' credit further .

15. 17. Shortly after the loan was being paid   in June 2010 , Bank Of America  apparently claimed the subject property  loan had not been properly paid and and Bank Of America sought to assess a force  a default .

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

16. 18.In fact, there had never been an lapse in insurance coverage and Bank Of America had never taken out any insurance on the subject automobile.

17. Plaintiffs  subsequently disproved this unusual and improper allegation by Bank of America .

18. Nonetheless, Bank Of America  assigned this alleged indebtedness/balance to a debt collection attorney, Drew Eckl & FArnham LLP  who is a apparently a lawyer operating a debt collection entity.

19. 21.At all pertinent times, plaintiffs demanded the correction of the alleged indebtedness and retraction of all false credit reporting about them.

*May, 2013*

20. 22.On or about May 29, 2012, Bank Of America  wrote plaintiffs and demanded a pay off of $256009.58 for alleged force placed insurance.

21. 23. Plaintiffs contested the alleged indebtedness to Bank of America.

*June 2013*

22.  During June, 2012, Bank Of America  continued to improperly attempt to collect the contested force the  amount be collected from the plaintiffs.

23.  Plaintiffs contacted their agent at the bank , American and Agent   researched the matter and provided the plaintiffs documentation showing, unequivocally,  payments  were made till a certain date on subject property .

24.  .In turn, plaintiffs immediately provided copies of that documentation to Bank Of America .

25.  On or about June 30, 2012, plaintiffs received an installment loan transaction history from Bank of America .

26.  Plaintiffs sought this transaction history in order to try to determine why Bank Of America  was claiming an outstanding indebtedness on the paid off account.             .

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

27.  Plaintiffs received the transaction history which suggested that an additional $3,000 had been charged to the account and that the charge somehow related to force placed insurance.

28.  On or about June 30, 2012,  plaintiffs immediately contacted Bank Of America  provided plaintiffs' proof that there was no lapse in insurance coverage on the property subject of the Bank Of America  loan.

### *July, 2013*

29.  .On or about July 12, 2013, plaintiffs received a collection letter from Drew Eckl & Farnham LLP   , an Attorney in Atlanta Gorgia , accusing plaintiffs of owing a balance of $256,315.29 on the subject auto loan and indicating that he represented Bank of America .

30.  Drew Eckl & FArnham LLP  indicated that adverse consequences would accrue to the plaintiffs and that plaintiffs must pay the balance .

### *August, 2013*

31.  . On or about August 11, 2013, plaintiffs received another letter from Drew Eckl & Farnham LLP   , Attorney, making a purported settlement offer in which he suggested that Bank Of America  would accept $35000.00 in full settlement of the contested force placed insurance charges which Bank Of America  claimed existed on the subject account.

32.  Plaintiffs again expressed that Bank's practice and this collection effort violates their agreement.

33.  Plaintiffs again contested this collection effort.

### *October, 2013*

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

34. .On or about October 25, 2013, counsel for plaintiff wrote Bank of America , through its Legal Department, and outlined specific factual information, with attached documentation, contesting the subject Bank Of America  account and negative reporting.

35. That letter was copied to Drew Eckl & Farnham LLP  , a debt collection attorney who had written dunning letters to the plaintiffs.

36. The plaintiffs' dispute letter was likewise copied to counsel,  Bank Of America  counsel , who represents Bank of America .That letter was likewise copied to Bank of America .

37. Following October 30, 2013, plaintiff, Bijan Raphael , received a copy of his Trans Union credit report.

38. That credit report did not contain the contested and derogatory Bank Of America account report for Tikva Nemani .

39. On or about October 30, 2013, plaintiffs received a copy of their CSC/Equifax credit report.

40. That credit report showed the contested and negative Bank Of America  account reporting which is the subject of this lawsuit.

41. The account was shown as having a maximum derogatory and it showed as charged off status in violation of the express terms of the agreement.

*42. November, 2013*

43. On or about November 14, 2013,  Mr.Richard  , at Bank of America , contacted plaintiffs' counsel's office and left a message that Bank Of America  had sent a request to the national credit reporting agencies to remove the derogatory and contested Bank Of America  Credit  line from plaintiffs' credit reports.

44. One of the assistants to lawyer at the above firm  likewise left the telephone number and name of Mr.Richard  , at Bank of America , who was allegedly responsible for handling the correction of the false credit reporting by Bank Of America  about the plaintiffs.

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

45. Plaintiffs' contacted Bank Of America and was again advised that all of plaintiffs' credit reports would be corrected and the subject contested and negative trade line and credit reporting would immediately retracted and removed from all of plaintiffs' consumer credit reports.

***January 2013***

46. On or about January 24, 2013, employee in Bank of America 's Legal Department, responded to plaintiffs' letter from October, 2000 and confirmed that no balance was due or owing by the plaintiffs on the subject loan.

47. The letter likewise suggested that the Collections Department of Bank Of America was responsible for correcting any and all adverse credit reporting made in connection with the loan.

***July, 2013***

48. On or about July 15, 2013, a debt collection company, DREW ECKL & FARNHAM LLP , on behalf of defendant, Bank of America , wrote a debt collection letter to plaintiffs threatening adverse action against plaintiffs.

49. The continued improper collection activities are connected to the improper billing and collection activities of Bank Of America against the plaintiffs.

***August, 2013***

50. On or about August 5, 2013, Credit Bureau of Experian , a consumer reporting agency, began preparing a consumer credit report for the plaintiffs.

51. Credit Bureau Experian was unable to correct the consumer credit report for Tikva until about October 23, 2013.

52. That consumer credit report contained information about both plaintiffs but listed Bijan Raphael as identifiers.

53. That consumer credit report did not contain the disputed Bank Of America credit reporting and, upon information, Credit Bureau removed the Bank Of America

Complaint for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

contested credit reporting between August 5, 2012 and October 23, 2013 only for Tikva Nemani .

54. On or about August 5, 2014, plaintiff, Bijan Raphael received a copy of his credit report from Credit Bureau of Experian.

55. That credit report contained information from Experian ,Equifax and Trasunion.

56. The report did not contain the contested Bank Of America account reporting as agreed .

***October, 2014***

57. On or about October 10, 2014, Bank of America 's debt collection entity, DREW ECKL & FARNHAM LLP   , contacted plaintiffs to again demand payment on the subject contested account and alleged indebtedness.  Plaintiffs contested the amount and DREW ECKL & FARNHAM LLP  claimed  it is valid.

58. DREW ECKL & FARNHAM LLP    threatened plaintiffs and stated that they were going to turn plaintiffs over  for filing a suit  and that plaintiff would lose all of their  checking account privileges with any bank .

59. On or about October 14, 2014, plaintiffs contacted credit reporting and verified that DREW ECKL & FARNHAM LLP    and Bank Of America  had turned plaintiffs over to credit reporting for the purpose of negatively reporting about the plaintiffs and preventing plaintiffs from obtaining checking services.

60. Plaintiffs again contacted  Experian on October 15, 2014, and continued to contest the improper reporting and to provide information and proof that the issue had previously been resolved, allegedly, on a number of occasions by Bank of America .

61. On or about October 24, 2014, plaintiff, Bijan Raphael  , obtained a copy of her consumer credit report from Credit Bureau of Greater Shreveport.

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

62. That consumer credit report contained information from two national repositories and consumer reporting agencies, Experian and Trans Union.

63. That consumer credit report showed that Bank Of America had persisted in reporting the disputed Bank Of America account with a maximum derogatory and charge off status.

64. Experian, at the behest of Bank of America , continued to re-report the contested and derogatory Bank Of America credit reporting to its subscribers.

65. On or about October 24, 2014, plaintiff, Bijan Raphel also obtained a copy of his CSC/Equifax consumer credit report.

66. That consumer credit report listed the contested and negative Bank Of America credit reporting.

**67.** The Bank Of America credit reporting showed a maximum derogatory and **charge off status.**

*December, 2014*

68. In December, 2014, plaintiff, Tikva Nemani obtained a copy of her credit report through Intersections, Inc., a reseller which sells tri-merge reports containing a compilation of reports from all three national credit reporting agencies.

69. .That credit report displays discontinued to contain the same, contested Bank Of America credit reporting about plaintiffs.

70. 73. The Bank Of America trade shows a charged off status with an alleged balance of $250,000.00 ,even the actual balance not considering the settlement agreement was approximately 225,000.00.

11

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

71.  In December, 2014, plaintiff applied for consumer credit with Sears but was denied credit based upon a false Experian credit report containing the Bank Of America false and negative credit reporting.

72.  The Bank Of America false reporting is the only major negative item appearing on plaintiff's credit report.

73.  Plaintiff have sustained additional credit denials as will be shown in discovery and at trial in this matter.

## CAUSES OF ACTION
### *COUNT 1–NEGLIGENCE*

74.  Defendant owed duties of reasonable care to plaintiffs by promising that it will report the account as settled .Defendant specifically owed a duty to safeguard their credit reputation as it was negotiated and agreed to be reported as **paid /settled**.

75.  Defendant failed to exercise reasonable care and prudence in the accounting of the loan it had with plaintiffs, in impermissibly billed unnecessary charges to said loan, in issuing bills and false reports about the charges, and in the reporting and attempted collection of the disputed amounts and account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiffs, all made the subject of this suit, and which consequently caused damaged plaintiffs. Defendant Bank Of America failed to in communication the proper reporting statement to credit reporting agencies as agreed.

76.  ## CAUSES OF ACTION
### *COUNT 2–DEFAMATION*

77.  . Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information such as $$250,000.00 owed and specifically stated

12

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

"Charged off" concerning plaintiffs with reckless disregard for the truth of the matters asserted.

78.  Defendant is publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiffs.

79.  Defendant was notified of inaccuracies in 2015 and problems by plaintiffs however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiffs.

80.  Defendant acted with willful intent and malice to harm plaintiffs.

81. As direct and proximate result of the defamatory statements made by bank of America Plaintiffs have been damaged by loss of credit worthiness and inability to refinance .

### *MISREPRESENTATION*
### *COUNT 3*

82.  Defendant made numerous misrepresentations of material facts to plaintiffs and to the world by credit reporting such as amount owed as $250,000.00 when it was $225,000.00 and caused plaintiffs to rely upon said representations.

83.  Plaintiffs' reliance thereon was reasonable under all of the circumstances and plaintiffs sustained damages as a result of the misrepresentations such as inability to refinance their home .

### CAUSES OF ACTION *4*

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

## *BREACH OF CONTRACT*

84.   Plaintiff incorporates all of the allegations above and alleged they entered into a written agreement with Defendant as attached in exhibit **"B"** .Defendant has breached its agreements and contract with plaintiffs as to report the account as settled not as charged off which causes a tremendous drop in FICO score .

85.   Defendant's breaches were in bad faith . Alternatively and in the unlikely event such breaches are found not to be in bad faith, plaintiffs affirmatively plead good faith breach of contract and continuously reporting the account as "charged off" .

**86.**                               CAUSES OF ACTION *5*

**87.**               *FAIR CREDIT REPORTING ACT the FCBA, 15 U.S.C. 1681, et. seq.*

88.   As alleged herein, Defendant was notified by plaintiffs of misrepresentation and errors in April 2015 via certified mails  , as required by law. Defendant was reminded of the express agreement they had not to report the account as **charged off** with and erroneous balance of **$250,000.00** and defendant failed to timely or properly respond or correct the errors , on multiple occasions and each such violation gives rise to a distinct action under the FCBA, 15 U.S.C. 1681, et. seq.

89.                               CAUSES OF ACTION *6*

*COUNT 6 –FRAUD*

90.   Defendant, through its employees as mentioned above , was engaged in a systematic scheme to charge and attempt to collect from plaintiffs' sum of $19458.00 in  a lump sum payment with a false promise that the account will be reported as settled  and paid .Defendant promised that it will report the balance as settled .Plaintiffs relied on the express representations made by Bank OF America .The reports was sent to credit

14

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

reporting agencies as "charged off". ' and as a result of such reliance they have suffered damages to their financial abilities to obtain any loan ,and being unable to refinance their house .

**91.** CAUSES OF ACTION *7*

***COUNT 7–DECEPTIVE TRADE PRACTICES***

92. . Plaintiffs are consumers. Defendant is a banking entity governed by state and federal laws. In connection with a consumer transaction mentioned above , Defendant engaged in unfair and deceptive practices such as inducing the consumer to pay a lump sum payment and enter to an agreement to settle the debt without any intention to perform , prohibited by California law and Federal Law , aimed at causing substantial harm to the plaintiffs. Defendant succeeded in damaging the plaintiffs through these unfair and deceptive trade practices as described herein. The practice was collection of a lump sum of funds from Plaintiffs with intent not to perform what it had promised to do.

**ADDITIONAL ALLEGATIONS**

93. The above and foregoing actions, inactions and fault of defendant, as to each and every count, have proximately caused a wide variety of damages to plaintiffs.

94. Defendant's false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages.

95. Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional

Complaint   for Violation of Fair Credit Billing Act, 15 U.S.C. 1681

distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE, PLAINTIFFS**, Bijan Raphael and Tikva Nemani, PRAY that after all due proceedings are heard there be Judgment herein in favor of Plaintiffs and against Defendant, BANK OF AMERICA NA. CORPORATION F/K/A BANK OF AMERICA , , N.A., as follows:

96. That there be Judgment herein in favor of Plaintiffs, Bijan Raphael and Tikva Nemani , and against Defendant, BANK OF AMERICA NA , , N.A., for all reasonable damages sustained by Plaintiffs, including, but not limited to, statutory damages, compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, property equity losses, credit denials, property damage, and for punitive damages, attorney fees, costs incurred, and court costs, at a minimum of $225,000.00 and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full.

FURTHER PRAY for any and all general, equitable and necessary relief.

Respectfully submitted

Law Offices of M. Azhar Asadi

Date:  September  25  2015

By _____

M. Azhar Asadi,Esq.

Attorney for Plaintiffs

16

Complaint  for Violation of Fair Credit Billing Act, 15 U.S.C. 1681